**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth A. Wilson, Respondent,

v.

Lora Cleversey, Appellant.

Appellate Case No. 2012-205808

Appeal From Aiken County
Vicki J. Snelgrove, Family Court Judge

Unpublished Opinion No. 2013-UP-433
Submitted September 1, 2013 – Filed November 27, 2013

**AFFIRMED**

Brian Austin Katonak, of Law Office of Brian Katonak, PA, of Aiken, for Appellant.

Kenneth A. Wilson, of Beech Island, pro se.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("[T]he appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence."); *id.* ("However, this broad scope of review does

not require [the appellate c]ourt to disregard the findings of the family court."); *Emery v. Smith*, 361 S.C. 207, 216, 603 S.E.2d 598, 602 (Ct. App. 2004) ("The inquiry into the applicability of laches is highly fact-specific and each case must be judged by its own merits."); *Strickland v. Strickland*, 375 S.C. 76, 83, 650 S.E.2d 465, 469 (2007) ("In order to establish laches as a defense, a defendant must show that the complaining party unreasonably delayed its assertion of a right, resulting in prejudice to the defendant."); *id.* at 83, 650 S.E.2d at 469 ("On previous occasions, this [c]ourt has alluded to the inapplicability of the defense of laches in actions to enforce a court order."); *id.* at 83, 650 S.E.2d at 469-70 ("Although the equitable nature of laches generally comports with the family court's equitable jurisdiction in determining support and maintenance between former spouses, the concept of 'inexcusable delay' in the laches defense is inconsistent with the judicial authority inherent in a court order."); *id.* at 84, 650 S.E.2d at 470 (finding "the theory of equitable estoppel appropriately balances principles of equity and judicial authority when the underlying facts of a case call into question the equity of enforcing a court order"); *id.* at 85, 650 S.E.2d at 470 (recognizing the "affirmative defenses to a cause of action in any pleading must generally be asserted in a party's responsive pleading" to preserve the defense); *id.* at 86, 650 S.E.2d at 470 (addressing the merits of equitable estoppel although it was not explicitly pled and preserved because the defendant's pleading of laches resulted in an almost indistinguishable argument from equitable estoppel under the facts of the case); *id.* at 84-85, 650 S.E.2d at 470 ("The party asserting estoppel must show: (1) lack of knowledge, and the means of knowledge, of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change of position in reliance on the conduct of the party being estopped."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (holding the appellate court may rely on any reason in the record to affirm the lower court's judgment).

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.